IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JACQUELINE M. THOMAS                *

      Plaintiff,                  *

vs.                               *
                                      CASE NO. 3:05-CV-42(CDL)
                                 *
TELENET MARKETING SOLUTIONS,
LLC                                  *

      Defendant.                 *

                                    *

## O R D E R

Plaintiff, Jacqueline M. Thomas, who is proceeding *pro se*, filed the above captioned action against her former employer, Telenet Marketing Solutions, LLC ("Defendant" or "Telenet"), asserting a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant seeks summary judgment on Plaintiff's claim. For the reasons stated herein, Defendant's Motion for Summary Judgment (Doc. 23) is granted.[1]

## FACTUAL BACKGROUND

Plaintiff contends that her former employer, Telenet, provided information to her subsequent employer, The Network, which resulted in the termination of her employment with The Network. Plaintiff

---

[1] Defendant also filed a motion for Rule 11 sanctions (Doc. 32), which the Court hereby denies.

1

alleges that Defendant provided this adverse information to The Network because Plaintiff, when previously employed with Defendant, filed a discrimination lawsuit against Defendant. Plaintiff maintains that this alleged retaliation violates Title VII. Defendant contends that it had nothing to do with The Network's termination of Plaintiff's employment.

On January 25, 2005, Plaintiff submitted an employment application to The Network, listing Telenet as one of her former employers. The Network interviewed Plaintiff on January 27, offered her a position on January 28, and instructed Plaintiff to report for orientation the following Monday, January 31. There is no evidence that any of The Network's employees ever attempted to contact Telenet regarding Plaintiff's previous employment. (*See* Lane Aff. ¶ 5; Dragojlovich Aff. ¶¶ 6, 7.)

As she entered the lobby on the morning of her orientation, Plaintiff encountered Stacy Kissel, one of her former supervisors at Telenet. Ms. Kissel, who now worked as the director of client services at The Network and who knew Plaintiff from Telenet, went to Susan Dragojlovich, The Network's vice president of human resources, upon learning that Plaintiff had been hired by The Network. Ms. Kissel informed Ms. Dragojlovich "that she had previously worked with [Plaintiff] . . . and that [Plaintiff] was a problem employee, a poor performer, and ultimately had sued Telenet." (Dragojlovich Aff. ¶ 3.) After consulting The Network's legal counsel,

Ms. Dragojlovich met with Plaintiff to "advise[] [her] that The Network had decided to terminate her employment based on information from her application and references." (*Id.* at ¶ 4.) Although Plaintiff alleges that "Ms. Dragojlovich admitted that Stacci [sic] Kissel . . . and the Defendant were the source of the 'unfavorable reference[,]'" (Compl. ¶ 9) Ms. Dragojlovich contends that she "never disclosed the source of the negative reference to [Plaintiff]." (Dragojlovich Aff. ¶ 4.) In fact, Ms. Dragojlovich specifically denies that she ever "told [Plaintiff] that Telenet was the source of the negative reference" or that she "spoke[] with any Telenet employee concerning [Plaintiff]." (*Id.* at ¶¶ 4, 7.)

Plaintiff believed Telenet was responsible for her discharge, and she filed a charge of retaliation with the Equal Employment Opportunity Commission ("EEOC"), followed by the present lawsuit. In her Complaint, Plaintiff alleges that her termination from The Network is the direct result of an unfavorable employment reference provided by Telenet in retaliation for "a previous lawsuit [Plaintiff filed] against [it] . . . ." (*See generally* Compl.) Defendant contends that it is entitled to summary judgment because (1) there is no evidence that Telenet ever provided an employment reference on Plaintiff's behalf and (2) Plaintiff has failed to produce sufficient evidence from which a reasonable jury could conclude that Telenet's alleged retaliation caused The Network to terminate her employment.

3

DISCUSSION

## I. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This may be accomplished by showing that the nonmoving party will be unable to "establish the existence of an element essential to [the nonmoving] party's case, and on which [the nonmoving] party will bear the burden of proof at trial." *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). There is a genuine issue if the combined body of evidence, viewed in the light most favorable to the nonmoving party, would allow a reasonable jury to find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, the relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## II. Prima Facie Case for Title VII Retaliation

Plaintiff claims she was fired from The Network because of an unfavorable reference provided by Telenet. Plaintiff further claims that Telenet provided this reference in retaliation for her pursuit of discrimination and harassment claims in 2001. The Court finds each of these arguments without merit.

Plaintiff worked for Telenet approximately four years prior to the events which gave rise to the present action. On or about May 26, 2001, Plaintiff resigned her position at Telenet, claiming that she had been forced to quit because of continuous discrimination and harassment. Plaintiff ultimately filed suit against Telenet, alleging race discrimination, racial harassment, retaliation and constructive discharge in violation of Title VII and 42 U.S.C. § 1981. On March 26, 2004, the court granted Telenet's motion for summary judgment on each of Plaintiff's claims.

Plaintiff now claims that Telenet provided an unfavorable employment reference in retaliation for this 2001 lawsuit. Under Title VII, it is unlawful for an employer to retaliate against an employee "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation, Plaintiff must show that (1) she engaged in a statutorily protected activity,

5

(2) she suffered an adverse employment action, and (3) the adverse employment action is causally related to her protected activity. *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002); *Meeks v. Computer Assoc. International*, 15 F.3d 1013, 1021 (11th Cir. 1994). Once the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to produce a legitimate, nonretaliatory reason for the challenged action. *Id*. If the defendant meets this burden, the plaintiff can only defeat summary judgment by creating a genuine issue of material fact as to whether Defendant's proffered reason was pretextual. Id.

Here, there is no dispute that Plaintiff has established the first two elements of her prima facie case. She engaged in "protected activity" when she pursued her 2001 lawsuit against Telenet, *see* 42 U.S.C. § 2000e-3(a), and her ultimate discharge from The Network constituted an adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, __ U.S. __, 126 S. Ct. 2405, 2415 (2006) ("[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (internal quotation marks and citation omitted). With respect to the third element, however, Defendant contends that there is no evidence to establish a causal connection between the 2001 lawsuit and Plaintiff's termination from The Network. "To establish a causal

6

connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon*, 292 F.3d at 716 (quotation marks and internal citation omitted). The issues presented by Defendant's Motion for Summary Judgment are whether sufficient evidence exists from which a reasonable jury could find (1) that Telenet provided an unfavorable employment reference in retaliation for Plaintiff's 2001 employment suit and (2) that The Network terminated Plaintiff's employment because of that reference.

Plaintiff's only evidence that Telenet provided an unfavorable reference to The Network is "[t]he fact that they are on [her] resume[.]" (Pl.'s Depo. 43:18.) According to Plaintiff, Telenet "resent[s] . . . the [2001] lawsuit[, and] they felt that . . . [she] don't [sic] deserve another place of employment." (*Id.* at 45:18-21.) Although Ms. Dragojlovich admits that her decision to terminate Plaintiff's employment came almost immediately after she received the negative reference (*see* Dragojlovich Aff. ¶¶ 3-4), she identifies Ms. Kissel, not Telenet, as the source of that reference.[2] In fact, Ms. Dragojlovich specifically denies that she has "[]ever spoken with any Telenet employee concerning [Plaintiff]." (Dragojlovich Aff. ¶¶ 3, 7.) Furthermore, Plaintiff "agree[s] that nothing . . . supports the contention that Ms. Dragojlovich admitted that Telenet was the

---

[2]Plaintiff admits that "before [she] left The Network [the] day [she was fired, she] knew that Stacci [sic] Kissel worked for The Network[, not Telenet.]" (Pl.'s Dep. 35:14-17.)

source of the unfavorable reference . . . ." (Pl.'s Depo. 42:20-24,43:7.) There simply is no evidence, "[o]ther than [Plaintiff's] personal opinion[,]" that a reference from Telenet has ever played a role in any company's decision to either hire or retain Plaintiff.[3] (*Id.* at 45:22-46:1.) Consequently, the Court finds that Plaintiff has failed to present evidence that Telenet ever contacted The Network regarding her employment, and thus she cannot show that a negative reference from Telenet caused The Network to fire her. Since Plaintiff has failed to establish a prima facie case of retaliation, Defendant is entitled to summary judgment.

## CONCLUSION

Defendant is entitled to summary judgment on Plaintiff's Title VII retaliation claim. Accordingly, Defendant's Motion for Summary Judgment (Doc. 23) is granted.

IT IS SO ORDERED, this 22nd day of February, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] "Telenet has not received any written or verbal requests for references concerning [Plaintiff] since [her] last day of employment but [the director of human resources] did confirm her dates of employment for a company called BOS Staffing." (*See* Lane Aff. ¶ 5.) Having presented no evidence to the contrary, Plaintiff has failed to establish that Telenet spoke with *any* of her subsequent employers regarding the substance of Plaintiff's relationship with the company. Thus, Defendant is entitled to summary judgment to the extent Plaintiff's Complaint may extend her claim of retaliation to another potential employer.

8